**Frank VAN BUSKIRK, Plaintiff,**

v.

**Donna SHALALA, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 92–11339–WGY.**

United States District Court,
D. Massachusetts.

Feb. 11, 1994.

**1478**

Frank Van Buskirk, pro se.

Thomas E. Kanwit, U.S. Attorney's Office, Boston, MA, for defendant.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

Appellant Frank Van Buskirk ("Van Buskirk") appeals from an order of the Social Security Administration Court holding him responsible for overpayment of Social Security benefits following notification of termination. Van Buskirk seeks an order reversing this decision.[1]

The facts are undisputed. In 1979, Van Buskirk, a Boston iron worker, slipped on the icy walkway leading to the back door of his home and suffered a compound fracture of his leg. He was unable to work thereafter. Assisted at first by the Veterans Administration, Van Buskirk became eligible for Social Security disability insurance benefits ("benefits") as of January, 1981, when the Social Security Administration determined that he was disabled under Title II of the Social Security Act, 42 U.S.C. § 401 et seq.

Although disabled, Van Buskirk worked during the nine-month grace period in which he could be employed and concurrently receive benefits.[2] In July, 1981, the Social Security Administration notified Van Buskirk by mail that if he was able to continue working his benefits would terminate commencing September, 1981. After receiving the letter Van Buskirk continued to work, earning $12,000 per year. Due to an administrative oversight, however, the Social Security Administration continued to issue disability checks after September, 1981. Van Buskirk continued to cash them even though he had received the July, 1981 notice of cessation and a February 22, 1982 notice informing him that he was no longer disabled and therefore no longer eligible for benefits.

Van Buskirk earned $19,000 in 1982; $2,100 in 1983;[3] and $41,000 in 1984 in addition to the monthly disability checks he continued to cash until March, 1984. On April 23, 1984, the Social Security Administration notified Van Buskirk that he was responsible for a $33,831.20 overpayment. On March 11, 1985, Van Buskirk requested a reconsideration and a waiver of recovery of the overpayment, asserting his financial inability to repay.

Upon review, the Secretary of Health and Human Services ("the Secretary") found Van Buskirk at fault for accepting the disability checks after he received notice of termination, and noted that Van Buskirk had been gainfully employed for the entire three-year overpayment period. Van Buskirk later requested an Appeals Council review of the Secretary's decision, but the Appeals Council denied his request.

The final decision of the Secretary is now before this Court for review. The Secretary held that Van Buskirk: (1) was not entitled to disability benefits after receiving the February, 1982 cessation notice; (2) was at fault for accepting the $33,831.20 overpayment of

---

1. Van Buskirk also seeks to have this Court make a finding of no fault on the part of the claimant or grant a waiver of overpayment based on insufficient financial resources. Since this Court's jurisdiction extends only to the review of agency action, it is inappropriate to make such a factual finding.

2. As incentive for disability beneficiaries to return to work, they are allowed a nine-month trial work period during which their benefits contin-

ue, regardless of any additional earnings. *Watson v. Sullivan* 940 F.2d 168, 170 (6th Cir.1991). "[A] disability beneficiary, even if not working, also can have benefits terminated if the disability abates...." *Id.* at 169.

3. The substantial decrease in Van Buskirk's earnings is not a defense to the Social Security Administration's overpayment determination.

disability checks; and, (3) is not entitled to a waiver of recovery of the overpayment because of his allegedly insufficient resources.

## II. ANALYSIS

 In reviewing administrative decisions of the Secretary of Health and Human Services, the Court is prohibited from substituting its own evaluation of the evidence. *Viehman v. Schweiker*, 679 F.2d 223, 227 (11th Cir.1982). Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), states that the appropriate role of the Court in such matters is limited to a close scrutiny of the record to determine whether substantial evidence exists to support the Secretary's findings. "This evidence must be more than a scintilla, but need not be a large or considerable amount." *Turner v. Sullivan*, 741 F.Supp. 263, 267 (D.D.C.1990).

Generally, a claimant is at fault in receiving an excess payment if he knew or could have been expected to know he was no longer entitled to benefits. The burden is on the claimant to establish that he was without fault. *Watson*, 940 F.2d at 171. Van Buskirk readily admits he received the letter that informed him his benefit payments would conclude at the end of his nine-month trial period in September, 1981, if he remained gainfully employed. It is undisputed that Van Buskirk did remain gainfully employed. Also, on February 22, 1982, the Social Security Administration notified Van Buskirk that it no longer considered him to be disabled.

Having properly been found at fault, Van Buskirk requested a waiver of the recovery of the overpayment, alleging lack of funds. For a waiver of recovery of an overpayment, "(1) [t]he claimant must be without fault, and (2) recovery must either be against the purpose of the [Social Security] Act or against equity and good conscience." *Turner*, 741 F.Supp. at 268. Van Buskirk establishes neither point.

This Court rules he is not without fault and concurs with the Secretary in ordering recovery in good conscience by the Social Security Administration, considering Van Buskirk currently earns $21.00 per hour.

## III. CONCLUSION

The decision of the Secretary is AFFIRMED.